(Pleito No. 31.—Fallado el 8 de Marzo de 1900.)

## GÓMEZ contra MESA.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

BIENES EMBARGADOS EN VIRTUD DE ACCIÓN EJECUTORIA. Cuando los bienes de un demandado han sido embargados en virtud de acción ejecutoria y otra persona se presenta en tercería de dominio, á dicha persona es á la que corresponde probar sus derechos. Si la cantidad excede de mil quinientos pesos la prueba ha de ser escrita y siempre que se trate de un testimonio oral, éste deberá ser categórico y absoluto.

### SENTENCIA.

En la Ciudad de Puerto Rico, á ocho de Marzo de mil novecientos, en el pleito seguido en el extinguido Juzgado de San Francisco y en el Tribunal de Distrito de San Juan por Don Juan Ballesteros Núñez, como defensor judicial de los menores Don Pedro y Don Epifanio Mesa y Turrot y de los también menores Don Luis y Don Juan Dordal y Parrilla, con Doña Cesárea Gómez, viuda de Balasquide, todos vecinos de esta Ciudad y con los estrados correspondientes, en representación de Don Epifanio R. Mesa y de Don Gabino Dordal, sobre tercería de dominio, pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por Doña Cesárea Gómez, viuda de Balasquide, y en

su defensa y representación por el ·Letrado Don Herminio Díaz Navarro; habiéndolo estado el defensor judicial de los menores relacionados, por el Letrado Don Juan Hernández López.—Resultando : Que con fecha once de Diciembre de mil ochocientos noventa y seis Don Epifanio R. Mesa y Don Gabino Dordal firmaron un pagaré por trescientos pesos á favor de Doña Cesárea Gómez, viuda de Balasquide, á vencer el once de Marzo del siguiente año, y por falta de cumplimiento se siguió contra los deudores un juicio de menor cuantía que terminó por sentencia condenatoria consentida, habiéndose embargado el trece de Octubre de mil ochocientos noventa y siete como de la propiedad de aquéllos y en la agencia mortuoria establecida en la planta baja de la casa número 39 de la calle de San Justo, tres coches ó carros fúnebres.—Resultando : Que por razón de tal embargo, dedujo el defensor judicial Don Juan Ballesteros Núñez, á nombre de los menores que representa, la demanda de tercería de dominio que ha motivado estos autos para que se declarase que los tres coches embargados eran de la exclusiva propiedad de los menores demandantes, ordenando en su consecuencia que se alzara el embargo y se dejaran los bienes á su libre disposición, á cuyo efecto alegó, además de los hechos que se han referido, que los mencionados carros pertenecen en propiedad á los menores aludidos no sólo porque así lo manifestaron los ejecutados en el acto del embargo, sino porque también resulta de la escritura de sociedad que acompañó; invocando en su apoyo los artículos 159, 168, 1,218 y 1,916 del Código Civil, con otros preceptos de la Ley de Enjuiciamiento Civil.—Resultando : Que inconforme Doña Cesárea Gómez con que la tercería se siguiese como de menor cuantía, y previa la tramitación que determina el artículo 492 de la Ley de Enjuiciamiento Civil, se dictó auto en veinte y ocho de Febrero de mil ochocientos noventa y ocho, declarándose que la tramitación que debía darse á esta tercería era la correspondiente á los juicios de mayor cuantía porque el valor dado á la cosa litigiosa, por

tasación pericial, ascendía á tres mil pesos de moneda provincial.—Resultando: Que la referida ejecutante impugnó la demanda, haciendo mérito en primer lugar del contenido de la escritura de sociedad ya referida de "Dordal y Mesa" porque fué autorizada en treinta y uno de Enero de mil ochocientos noventa y siete é inscrita en el Registro Mercantil de esta Capital el veinte y siete de Diciembre del mismo año y el embargo de los coches se realizó dos meses y catorce días antes de la referida inscripción; deduciendo de todo lo expuesto que, siendo mercantil la sociedad "Dordal y Mesa", le era perfectamente aplicable el artículo 26 del Código de Comercio, por el cual se dispone que "los documentos inscritos sólo producirán efecto legal en perjuicio de tercero desde la fecha de su inscripción sin que puedan invalidarlos otros anteriores ó posteriores no registrados"; y siendo el embargo practicado primero en tiempo con respecto á la inscripción de la escritura social no podía ésta perjudicar los intereses de la ejecutante, puesto que los coches embargados no pertenecían á la fecha del embargo á los menores.—Resultando: Que acusada la rebeldía á los ejecutados Don Epifanio R. Mesa y Don Gabino Dordal, evacuó el demandante, en la representación que ostenta, el trámite de réplica, insistiendo en su demanda y añadiendo á lo en ella alegado: que los menores no son parte en la escritura de sociedad titulada "Dordal y Mesa" otorgada en treinta y uno de Enero de mil ochocientos noventa y siete, sino que tienen respecto de la misma, carácter de terceros.—Resultando: Que la demandada Doña Cesárea Gómez, viuda de Balasquide, reprodujo en la dúplica las alegaciones de su escrito de contestación, añadiendo: que los menores terceristas son parte en la escritura de sociedad, puesto que Don Epifanio R. Mesa y Don Gabino Dordal comparecen al otorgamiento en nombre de sus respectivos hijos, y recibido el pleito á prueba se practicó la que ambas partes propusieron, porque todas, en su oportunidad, se declararon pertinentes.—Resultando; Que la escritura, cotejada y conforme con su matriz de treinta y uno

de Enero de mil ochocientos noventa y siete inscrita en el Registro Mercantil el veinte y siete de Diciembre del mismo año otorgada por Don Gabino Dordal y Erazo y Don Epifanio R. Mesa y Abadía á nombre de sus respectivos hijos, que son los terceristas, expresa en lo sustancial, que en Agosto de mil ochocientos noventa y cinco establecieron la empresa funeraria que se halla en la planta baja de la casa número 39 de la calle de San Justo de esta Ciudad, empleando para montarla un capital de cuatro mil pesos, cantidad que aproximadamente valían el día del otorgamiento los enseres y útiles de la misma; que el capital referido se constituyó con mil pesos que aportó el Sr. Mesa y Abadía y que pertenecen por mitad á sus hijos menores de edad Don Pedro y Don Epifanio Mesa y Turrot por haberlo éstos adquirido por título gratuito de sus parientes, y tres mil pesos que aportó el otro compareciente Sr. Dordal y Erazo y que también pertenecen por iguales partes á sus hijos naturales reconocidos Don Luis y Don Juan Dordal y Parrilla; que la sociedad industrial giraría bajo la razón social "Dordal y Mesa"; que duraría cuatro años; que el capital, como se ha dicho, pertenece á dichos menores, y que los padres otorgantes, con arreglo á las leyes, sólo tienen la administración del referido capital.—Resultando: Que de los testigos traídos por el defensor judicial de los menores, ninguno afirma de modo categórico y absoluto que con los cuatro mil pesos que consta en la escritura que aportaron los menores, ó con parte de dicha cantidad, se adquiriesen los carros ó coches fúnebres que fueron objeto del embargo que engendró esta tercería, de cuya prueba testifical y de la escritura de sociedad, deriva el tercerista el dominio en favor de sus representados.—Resultando: Que el Juez de 1ª Instancia del extinguido Juzgado de San Francisco dictó sentencia, que confirmó con las costas el Tribunal del Distrito de San Juan en doce de Septiembre del año anterior, declarando, por consiguiente que los carros son de la propiedad del tercerista y mandando se alce el embargo y que queden á su libre dispo-

sición.—Resultando: Que el Letrado Don Herminio Díaz Navarro á nombre de Doña Cesárea Gómez, viuda de Balasquide, interpuso recurso de casación por infracción de ley, fundado en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil; citando como infringidos.—1º El párrafo 2º del artículo 2º en relación con los artículos 116 y 125 del Código de Comercio, toda vez que debiendo reputarse, según esas disposiciones, como actos mercantiles, los comprendidos en aquel cuerpo legal, se le ha negado ese carácter á la sociedad que en forma regular colectiva aparece constituída en la escritura de treinta y uno de Enero de mil ochocientos noventa y siete con arreglo á lo prescrito en los artículos 116 y 125 citados.—2º Los artículos 17 y 26 del referido texto, porque siendo la inscripción en el Registro Mercantil posterior á la fecha del embargo, no ha debido admitirse la escritura ni dársele eficacia en perjuicio de la señora Gómez y en su caso y con relación á ella, sólo podría admitirse que los bienes embargados sólo pertenecen á los menores desde la fecha de la inscripción de la escritura, y como entonces eran bienes litigiosos sobre los que pesaba el embargo, hay que deducir que los aceptaron con esa carga, y que deben responder hasta donde alcance su valor, del importe de la misma.—3º Error legal en la apreciación de la prueba con infracción de los artículos 1,218 y 1,248 del Código Civil y 658 de la Ley de Enjuiciamiento Civil; porque habiendo negado esta parte que los coches embargados perteneciesen á los menores terceristas, afirmando en contra que eran de la propiedad de sus padres, se le ha dado fuerza probatoria absoluta á una escritura social que sólo podría aceptarse como fehaciente en lo que declara, ó sea que los señores Dordal y Mesa constituyeron una sociedad con fondos de sus hijos, pero en modo alguno que á esa sociedad pertenezcan los coches embargados, ya que los mismos testigos que presentó el tercerista, no lo han declarado así.—4º El principio jurídico que dice: *Actore non probante reus est absolvendus*, consignado como doctrina

en varias sentencias, entre otras, las de veinte y uno de Enero de mil ochocientos sesenta y siete, y veinte y uno de Diciembre de mil ochocientos ochenta y dos.—Resulsando: Que en el acto de la vista fué impugnado el recurso por el Letrado Don Juan Hernández en nombre del defensor judicial de los menores terceristas.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que arrancando el derecho de los menores de la compra de los enseres y útiles que en Agosto del noventa y cinco constituía la empresa funeraria á que se refiere la escritura de sociedad, ha debido en primer término traerse un principio de prueba escrita porque la cuantía de los tres coches excede de mil quinientas pesetas y además porque la veracidad de los testigos que declararon no es evidente, puesto que ninguno de ellos afirma que los embargados perteneciesen á los menores, de donde se deriva que se ha cometido, por tanto, el error alegado en la apreciación de las pruebas, infringiéndose las disposiciones citadas en los motivos 3º y 4º, siendo evidente que los menores carecen de acción y de derecho para reclamar como de su propio dominio los coches que son objeto de esta tercería.—Considerando: Que limitada ésta, por ministerio de la Ley, á resolver si al tercerista corresponde ó no el dominio de los bienes embargados, y resuelto ya este punto, no es necesario discutir los demás motivos en que se funda el recurso.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación por infracción de Ley interpuesto por Doña Cesárea Gómez, viuda de Balasquide, por los motivos expuestos, y sin especial condenación de costas, y en su consecuencia casamos y anulamos la sentencia que en doce de Septiembre del año anterior dictó el Tribunal del Distrito de San Juan y con certificación de ésta, de la que á continuación se dicta y devolución de los autos que ha remitido, comuníquese á dicho Tribunal á los efectos procedentes.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.—Francisco de P. Acuña.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á ocho de Marzo de mil novecientos.—E. de J. López Gaztambide.